UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE RICHARDSON,

    Petitioner,                               CIVIL ACTION NO. 2:13-cv-11281

v.                                              HON. GERALD E. ROSEN

KENNETH ROMANOWSKI,

    Respondent.
_____/

**OPINION AND ORDER**
**GRANTING PETITIONER'S MOTION TO HOLD HABEAS**
**PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING THE CASE**

I.

This is a habeas case filed by a state prisoner under 28 U.S.C. § 2254. Michigan prisoner Terrance Richardson is incarcerated by the Michigan Department of Corrections, currently housed at the Macomb Correctional Facility in New Haven, Michigan, where he is serving a life sentence for first-degree murder.[1] Petitioner's convictions occurred on June 30, 2010, following a bench trial in the Circuit Court in Wayne County, Michigan. He was sentenced on July 27, 2010. The state appellate courts affirmed his convictions and sentences. *People v. Richardson*, No. 300475, 2012 WL 104751, at *1, *4 (Mich. Ct. App. Jan. 12, 2012); *People v. Richardson*, 492 Mich. 854, 817 N.W.2d 52 (2012) (unpublished table decision).

On March 22, 2013, Petitioner filed this habeas petition, *pro se*, alleging that he is unconstitutionally incarcerated. Pet'r's Pet. for Writ of Habeas Corpus, Mar. 22, 2013, ECF No. 1.

---

[1] Petitioner also was convicted of two counts of assault with intent to commit murder, one count of felonious assault, and felon in possession of a firearm. His sentences for those convictions are concurrent with his life sentence. Additionally, prior to serving his life sentence, Petitioner served a two-year sentence for a felony-firearm conviction.

When he filed his habeas petition, Petitioner also filed a "Motion to Hold Habeas Petition in Abeyance" [ECF No. 3], asking that the Court stay his habeas case so he can return to the state courts to exhaust additional claims concerning the sufficiency of the evidence, trial court error, and the effectiveness of trial counsel.

For the reasons stated below, the Court will grant Petitioner's motion and stay the case so he can return to state court to exhaust his claims.

II.

State prisoners must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), "thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising the claims in a habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999) (citations omitted). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *Id.* at 845. A prisoner "'fairly presents' his claim[s] to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Baldwin*, 541 U.S. at 29 (same) (citations omitted). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citation omitted).

The exhaustion doctrine, in the context of habeas cases, turns upon an inquiry of whether there are available state-court procedures for a habeas petitioner to exhaust his claims.  *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003) (citing *O'Sullivan*, 526 U.S. at 847-48).  In this case, Petitioner's method of properly exhausting his claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under Michigan's court rule 6.502.  *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009).  The trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing.  MCR 6.505-6.507, 6.508(B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  MCR 6.509, 7.203, 7.302; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims raised in his post-conviction motion.  *Id.*

Against that backdrop, the Court grants Petitioner's motion.  However, the Court finds that the outright dismissal of Petitioner's habeas petition, albeit without prejudice, might result in preclusion of consideration of his claims in this Court due to the expiration of the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA).  28 U.S.C. § 2244(d)(1).  A common circumstance calling for staying a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time-barred by the AEDPA's statute of limitations.  *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).  The United States Supreme Court has suggested that a habeas petitioner who is concerned about the

3

possible effects of his post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending exhaustion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citation omitted). This is the situation in Petitioner's case.

Even though the Court determines that a stay is appropriate in this case, the Court will place "reasonable time limits on [Petitioner's] trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that there are no delays by Petitioner, the Court imposes upon him time limits within which he must proceed with his state-court, post-conviction proceedings. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). This tolling is conditioned upon Petitioner initiating his post-conviction remedies within sixty days of receiving this Court's order, if he has not already done so, and returning to this Court within sixty days of exhausting. *Hargrove*, 300 F.3d at 721; *see also Geeter v. Bouchard*, 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003) (same).

### III.

Accordingly, IT IS ORDERED that Petitioner's "Motion to Hold Habeas Petition in Abeyance" [ECF No. 3] is GRANTED. Petitioner may file a motion for relief from judgment with the state court within sixty days of receipt of this Court's order, if he has not already done so. If Petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will be held in abeyance pending Petitioner's exhaustion of the claims.

Petitioner shall refile a habeas petition within sixty days after the conclusion of the state-court, post-conviction proceedings. At that time, Petitioner is free to file an amended habeas petition which contains his newly-exhausted claims, if he so chooses to do.

To avoid administrative difficulties, the Court ORDERS the Clerk of Court to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further ORDERED that upon receipt of a motion to reinstate the habeas petition following exhaustion, the Court may order the Clerk to reopen this case for statistical purposes.

SO ORDERED.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  April 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135